IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT J. STAREK and § | | PLAINTIFFS |
| MARGARET A. STAREK § | | |
| § | | |
| v. § | | 1:06CV1008-LG-JMR |
| § | | |
| US AUCTIONS.COM, LLC and § | | DEFENDANTS |
| ST. PAUL FIRE AND MARINE § | | |
| INSURANCE COMPANY § | | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO REMAND**

BEFORE THE COURT is the Motion of the Plaintiffs, Robert and Margaret Starek to Remand this cause pursuant to 28 U.S.C. § 1447(c). This trespass action was originally filed in the Circuit Court of Harrison County, Mississippi. The complaint alleges that Defendants destroyed or caused the destruction of Plaintiffs' growing timber. Plaintiffs seek compensatory and punitive damages in the exact amount of $75,000. Plaintiffs also seek prejudgment interest, fees and costs, including attorney's fees pursuant to MISS. CODE ANN. § 95-5-10(3). The case was removed by the Defendants alleging diversity jurisdiction under 28 U.S.C. § 1332. The parties agree that this case involves a controversy between citizens of different states. However, they do not agree that the matter in controversy exceeds the sum of $75,000.

DISCUSSION

This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, **exclusive of interest and costs.**" 28 U.S.C. § 1332(a)(emphasis added). Under Mississippi law the Plaintiffs may recover reasonable

witness and attorney's fees as **court costs**. MISS. CODE ANN. § 95-5-10(3)[1]  Generally, interest and costs are not included in calculating the amount in controversy.  However, attorney's fees are included "when the state statute allowing cost shifting expressly defines the allowable expenses of litigation to include attorney's fees, especially when the plaintiffs expressly pray for recovery of costs."  *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 874 (5th Cir. 2002); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  MISS. CODE ANN. § 95-5-10(3) specifically defines "attorney's fees" as allowable costs in trespass actions. Moreover, the complaint expressly seeks relief under § 95-5-10.  Thus, attorney's fees should be included in calculating the amount in controversy.

In their Motion to Remand Plaintiffs attempt to amend the *ad damnum* clause by agreeing to forgo their claim for attorney's fees.[2]  However, federal jurisdiction is determined at the onset of a lawsuit and subsequent occurrences will not divest the court of subject matter jurisdiction. *St. Paul Mercury Indemnity Co. V. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)(events occurring subsequent to removal which reduce the amount recoverable, whether

---

[1] MISS. CODE ANN. § 95-5-10(3) specifically provides that "all reasonable expert witness fees and attorney's fees shall be assessed as court costs in the discretion of the court."

[2] "The Plaintiffs hereby aver that they are not now seeking nor will they seek in the future any damages in excess of $75,000, exclusive of interest and costs.  They hereby withdraw their claim for 'attorney's fees' as found in the last unnumbered paragraph of their Complaint.  An Affidavit stating same is attached hereto as Exhibit 'A'."  *See* Plaintiffs' Motion To Remand, ¶ 4.

beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)(holding that an amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction); *see also Molett v. Penrod Drilling Co.,* 872 F.2d 1221, 1227 (5th Cir.1989) and *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1181 (5th Cir.1987).  Plaintiffs' affidavit purporting to withdraw or waive attorney's fees is of no avail.  In cases in which a plaintiff, by whatever means, seeks to reduce, rather than clarify, his demand after removal, remand for want of jurisdictional amount is barred.  *Marcel v. Pool Co.,* 5 F.3d 81, 85 (5th Cir. 1993).

**IT IS THEREFORE ORDERED AND ADJUDGED,** that Plaintiffs' Motion to Remand [7] the above styled and numbered cause, filed November 30, 2006, should be, and is, hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1 (B)(2)(b) of the RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, the parties shall promptly notify the magistrate judge of this order and shall promptly submit an order lifting the stay entered in this matter on December 1, 2006.

**SO ORDERED AND ADJUDGED** this the 30th day of December, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE